UNITED STATES DISTRICT COURT OF SOUTH CAROLINA, BEAUFORT DIVISION

| | | |
|---|---|---|
| U-HAUL CO. OF ARIZONA, an Arizona corporation, | ) ) ) ) | |
| Plaintiff. | ) ) | Civil Action No. 9:23-cv-03964-RMG |
| v. | ) ) ) | **COMPLAINT – DECLARATORY JUDGMENT** |
| PETER SINGLETON, an individual; JAMES GRIFFIN, an individual; BANESSA BRYANT, an individual, and CALVIN CLARK, as personal representative of the ESTATE OF SARAH L. CLARK; | ) ) ) ) ) ) ) ) | **(Jury Trial Demanded)** |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff U-Haul Co. of Arizona ("UHAZ" and "Plaintiff"), brings this Complaint for declaratory judgment against the above-captioned and below-named Defendants, and state the following:

**PARTIES**

**A. Plaintiffs**

1. UHAZ is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in the State of Arizona. UHAZ is engaged in the business of, among other things, leasing rental trucks ("Moving Equipment") to moving customers in the State of South Carolina. UHAZ is the registered owner of the following vehicle: the 2007 GMC 26-foot U-Haul Box Truck bearing Equipment No. "JH1400A" and VIN No. "1GDG5C1G07F902535" (the "Subject U-Haul Truck").

1

B. **Defendants**

2.      Defendant Peter Singleton is an individual and is believed to be a resident of Jasper County, South Carolina.

3.      Defendant James Griffin is an adult and is believed to a resident of Sumter County, South Carolina.

4.      Defendant Banessa Bryant is an individual believed to be a resident of Hampton County, South Carolina. Ms. Bryant brought a personal injury lawsuit styled *Banessa Bryant v. Ronald Lopez, et. al*, C.A. No. 2021-CP-25-00296 (Court of Common Pleas, County of Hampton) (the "Bryant Lawsuit"). The above-named Defendants in this action, Peter Singleton and James Griffin, are named defendants in the Bryant Lawsuit.

5.      Defendant Calvin Clark is an individual believed to be a resident of Hampton County South Carolina. Mr. Clark brought a wrongful death lawsuit in his capacity as the personal representative of the estate of Sarah L. Clark (deceased), styled *Calvin Clark, as personal representative of the Estate of Sarah L. Clark v. Cerisa Singleton et al.*, C.A. 2021-CP-03-00175 (Court of Common Pleas, County of Allendale) (the "Clark Lawsuit"). The above-named Defendants in this action, Peter Singleton and James Griffin, are named defendants in the Clark Lawsuit.

6.      The Bryant Lawsuit and the Clark Lawsuit are collectively referred to herein as the "Lawsuits."

## JURISDICTION & VENUE

7.      This action is brought pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201 et seq.

8.     This Court has original jurisdiction under 28 U.S.C. § 1332 because UHAZ is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in the State of Arizona, and the Defendants are domiciled and maintain a constant personal presence in the State of South Carolina. This Court also has original jurisdiction because the amount in controversy exceeds the sum of $75,000.00.

9.     Venue is proper in the United States District Court of South Carolina, Beaufort Division under 28 U.S.C. § 1391 (b)(2) because a substantial part of the acts and omissions giving rise to the causes of action occurred in Hampton County. Venue is properly laid before this Court.

## FACTUAL ALLEGATIONS

10.     The Lawsuits allege that on September 13, 2019, Sarah L. Clark and Banessa Bryant were occupants aboard a transport van owned by Time to Move and operated by Cerisa Singleton.

11.     The Lawsuits allege that that Cerisa Singleton was driving the transport van south on Highway 63 in Hampton County and that a U-Haul truck—the Subject U-Haul Truck—driven by Peter Singleton with James Griffin as a passenger, was illegally parked at the intersection of Old Salkehatchie Hwy and Hwy 63, blocking a stop sign.

12.     According to the Lawsuits, the Subject U-Haul Truck, among other things, caused a driver, Ronald Lopez, on Old Salkehatchie Hwy to run the stop sign and collide with the Time to Move transport van (the "Incident").

13.     The Lawsuits allege that the negligence and recklessness of Peter Singleton and James Griffin in the parking of the U-Haul truck caused the death of Sarah Clark and injuries to Banessa Bryant as part of the Incident.

14.    UHAZ is in the do-it-yourself moving business, including the rental of U-Haul trucks or other equipment to customers, from UHAZ rental centers. U-Haul equipment, from time to time, may also be rented from independent U-Haul dealers.

15.    U-Haul equipment is rented, whether from UHAZ or an independent dealer, to lessees pursuant to the terms and conditions a U-Haul Equipment Contract and a Rental Contract Addendum (collectively the "Rental Contract").

16.    Peter Singleton and James Griffin obtained the Subject U-Haul Truck from a former independent dealer, AKR Auto Glass, located at 549 Simmons Street, Yemassee, South Carolina ("AKR"), which was owned and operated by John Griffin.

17.    The Subject U-Haul Truck was not rented pursuant to a Rental Contract by and between Peter Singleton or James Griffin and AKR.

18.    No Rental Contract existed at all for the Subject U-Haul Truck at the time they took the Subject U-Haul Truck or the time of the Incident.

19.    Neither Peter Singleton nor James Griffin were customers. These Defendants were unilaterally provided the truck by John Griffin for reasons personal to him, namely to deliver furniture to an auction house.  The vehicle was lent for personal reasons, not rented to a customer.

20.    Dealers are prohibited from dispatching equipment, such as the Subject U-Haul Truck, without a Rental Contract, and Dealers are not permitted to use or lend to others U-Haul equipment for personal reasons.

21.    UHAZ's rights and obligations related to liability insurance for a rental arise from, and only from, the Rental Contract, including its full terms, conditions, definitions, and exclusions. No Rental Contract (for the Subject U-Haul Truck) affording liability insurance to Peter Singleton, James Griffin, or any other person existed before the Incident.

4

22.     Even assuming there had been a valid Rental Contract, the provision of liability protection would be guided by the Rental Contract's terms, conditions, definitions, and exclusions.

23.     Specifically, UHAZ, in the event of a valid Rental Contract, affords "the 'Authorized Driver' with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs," which in this case is South Carolina.  An exemplar of the Rental Contract is attached hereto as "Exhibit A."

24.     More fully, the Rental Contract Addendum states, in paragraph 3, entitled "Liability Protection," the following:

> An automobile liability insurance policy or a qualified self-insurance arrangement provides the Authorized Driver with the minimum limits required by the automobile financial responsibility or compulsory insurance law of the jurisdiction in which the accident occurs. The protection provided by the Company is excess or secondary to any insurance coverage of the Customer or an Authorized Driver. If the liability protection provided under this Agreement and other insurance available to the Authorized Driver apply to a loss on the same basis, the Company will pay only the Company's share. The Company's share is the proportion that the limit of protection provided under this Agreement bears to the total limit of all insurance applicable to such loss.  . . .

> I understand that this protection does not apply to: any intentional torts or criminal acts; any false or fraudulent claims; any obligation assumed by an Authorized Driver under any contract; any fines, penalties, punitive damages or exemplary damages which an Authorized Driver may become legally obligated to pay; injury to or destruction of personal property owned by or in the possession, custody or control of an Authorized Driver or passengers; any liability of a driver who is not an Authorized Driver and any liability for an accident which occurs while the EQUIPMENT is obtained or used in violation of this Agreement. In the event that the liability protection is extended by operation of law to anyone who is not an Authorized Driver, the limits of protection shall be those minimum limits required by the automobile financial responsibility or compulsory insurance laws of the jurisdiction in which the accident occurs. This liability protection will apply on the same basis as described previously in this paragraph. . . .

> Any protection provided in this section is limited to the duration of the Rental Contract as set forth in the individual rental contract signed by the Customer. I and all Authorized Drivers will indemnify and hold the Company, its agents, employees, parent and affiliates harmless from and against any and all loss, liability, claim, demand, cause of action, attorney's fees and expense of any kind (a

"loss") in excess of the limits stated herein or beyond the scope of the protection provided for herein, if any, arising from the use or possession of the EQUIPMENT by Me or any Authorized Drivers, including but not limited to attorney's fees incurred by the Company to enforce any of its rights hereunder.

25.     With respect the definition of "Authorized Driver," the Rental Contract Addendum

provides, in paragraph 2, entitled "Authorized Driver," the following:

An Authorized Driver, for purposes of this Agreement, is: 1) any Customer that possesses a driver's license, driver's privilege card, or other government issued driver's card and is 18 years of age or older (or 16 years of age or older for EQUIPMENT with no motor); or 2) any other individual that has Customer's express permission to operate the EQUIPMENT and that is 18 years of age or older (or 16 years of age or older for EQUIPMENT with no motor) and possesses a driver's license (driver's privilege card or other government issued driver's card).

26.     With respect to the Company's duty to defend under a Rental Contract, it is

limited to coverage under the Rental Contract. The Rental Contract Addendum states:

**COMPANY RIGHT TO DEFEND**

The Company has no duty to defend lawsuits not covered by this liability protection. To the extent permitted by applicable law, the Company has no duty to defend any Authorized Driver in any claim or lawsuit arising out of any acts prohibited by this Agreement. I understand that if a claim is made or a lawsuit is filed under the terms of this Agreement, and if no other source of defense is available to the Authorized Driver, the Company may defend the claim or lawsuit at its sole discretion. In defending the claim or lawsuit, the Company, may, at its sole discretion, make any settlements which the Company considers advisable. Company has a right, but not a duty, to defend a claim or lawsuit at its sole creation. Company has the exclusive right to hire, retain, and direct its counsel of choice, if and when company defends a lawsuit hereunder.

27.     An actual, justiciable controversy exists between Plaintiff and Defendants as to

whether a duty to defend and/or indemnify is owed to Peter Singleton and James Griffin in the

Lawsuits. It is not.

6

## FIRST CAUSE OF ACTION
### Declaratory Judgment
### Peter Singleton

28.     The allegations in the preceding paragraphs are hereby incorporated as if fully set forth herein.

29.     Pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201 et seq. an actual and justiciable controversy exists between Plaintiff and Defendants.

30.     UHAZ's rights and obligations related to liability insurance for its vehicles arise from, and only from, the Rental Contract, including its full terms, conditions, definitions, and exclusions.

31.     No Rental Contract affording liability insurance to Peter Singleton or any other person occupying the Subject Truck on September 13, 2019, existed before the Incident.

32.      As a result, the Court should determine and declare that there is no defense or indemnity available to Peter Singleton for the Lawsuits.

33.     Alternatively, even had a Rental Contract been executed, the Court should determine and declare that there is nonetheless no liability protection, including but not limited to a duty to defend, available to Peter Singleton in the Lawsuits because he did not meet the definition of an "Authorized Driver."

34.     Peter Singleton was not an "Authorized Driver" because he was not a U-Haul customer. As alleged above, there was no customer, but rather the unilateral provision of the Subject U-Haul Truck for uses personal to the principal of AKR. Indeed, no funds were paid for the rental of the Subject U-Haul Truck.

35.     Finally, and in the alternative, if liability coverage is to be afforded by operation of law or as if a Rental Contract did exist, then the Court should determine and declare that such

coverage is limited to the minimum limits required by the automobile financial responsibility or compulsory insurance law of South Carolina. In other words, the liability protection available would be for $25,000 for one person for bodily injury, $50,000 for one or more persons for bodily injury, and $25,000 for property damage.

## SECOND CAUSE OF ACTION
### Declaratory Judgment
### James Griffin

36.    The allegations in the preceding paragraphs are hereby incorporated as if fully set forth herein.

37.    Pursuant to the Federal Declaratory Judgment Act 28 U.S.C. § 2201 et seq. an actual and justiciable controversy exists between Plaintiff and Defendants.

38.    UHAZ's rights and obligations related to liability insurance for a rental arise from, and only from, the Rental Contract, including its full terms, conditions, definitions, and exclusions. No Rental Contract affording liability insurance to James Griffin or any other person occupying the Subject Truck on September 13, 2019, existed before the Incident.

39.    As a result, the Court should determine and declare that there is no defense or indemnity available to James Griffin for the Lawsuits.

40.    Alternatively, even had a Rental Contract been executed, the Court should determine and declare that there is nonetheless no liability protection, including but not limited to a duty to defend, available to James Griffin in the Lawsuits because he did not meet the definition of an "Authorized Driver."

41.    James Griffin was not an "Authorized Driver" for several reasons. First, he was passenger in the U-Haul, not its driver, just before the Incident occurred while the Subject Truck was in operation.

8

42.     Second, James Griffin was not an "Authorized Driver" because he was not a U-Haul customer. As alleged above, there was no customer, but rather the unilateral provision of the Subject U-Haul Truck for uses personal to the principal of AKR. Indeed, no funds were paid for the rental of the Subject U-Haul Truck.

43.     Finally, and in the alternative, if liability coverage is required to be afforded by operation of law or as if a Rental Contract did exist, then the Court should determine and declare that such coverage is limited to the minimum limits required by the automobile financial responsibility or compulsory insurance law of South Carolina. In other words, the liability protection available would be for $25,000 for one person for bodily injury, $50,000 for one or more persons for bodily injury, and $25,000 for property damage.

**WHEREFORE**, Plaintiff requests that this Court inquire into these matters and grant the following:

(a)     For a Declaration of the rights and obligations of the parties on the issues set forth in the First Cause of Action against Peter Singleton and the Second Cause of Action against James Griffin;

(b)     For a Declaration that Plaintiff has no duty to defend or indemnify Defendants Peter Singleton and James Griffin, or any other person, with respect to the Lawsuits; and

(c)     Any other and further relief this Honorable Court deems just and proper.

Plaintiff hereby demands a jury trial.

CHARTWELL LAW

s/ W. James Flynn
W. James Flynn
Chartwell Law
4000 S. Faber Place Drive
Suite 300
Charleston, SC 29405
(704)313-6645
jflynn@chartwelllaw.com
*Attorney for Plaintiff*

August 9, 2023.